# Exhibit H



Wilmington Trust, N.A.
15950 N. Dallas Parkway
Suite 550
Dallas, Texas  75248

February 10, 2021

*Via Certified Mail and U.S. Mail*

Pavilion Apartments Penn LLC
c/o JPC Charities
PO Box 234
Amlin, Ohio 43002
Attention: Jason Cook

Re:     $27,410,000 Philadelphia Authority for Industrial Development Senior Housing Revenue
        Bonds (The Pavilion) Series 2016A ("Series 2016A Bonds"), and $2,205,000
        Philadelphia Authority for Industrial Development Senior Housing Revenue Bonds (The
        Pavilion) Series 2016B ("Series 2016B Bonds", and together with the Series 2016A
        Bonds, the "Bonds")

## NOTICE OF EVENTS OF DEFAULT

WILMINGTON TRUST, NATIONAL ASSOCIATION serves as trustee (the "Trustee") under that certain Trust Indenture, dated as of July 1, 2016 (as amended, supplemented or otherwise modified, the "Indenture"), by and between the Philadelphia Authority for Industrial Development (the "Issuer"), and the Trustee, pursuant to which the above-referenced Bonds have been issued.  All capitalized terms used but not defined herein have the respective meanings given to them in the Indenture.

*Notice of Events of Default and Demand for Cure*

Please be advised that Pavilion Apartments Penn LLC, a Pennsylvania limited liability company (the "Borrower") is in Default under the terms of the Loan Agreement dated as of July 1, 2016 ("Loan Agreement") based on its failure to: (i) cause Project Revenues to be remitted to the Trustee in amounts fully sufficient to timely pay Additional Loan Payments when due under the Loan Agreement (including Management Fees); (ii) certify the Debt Service Coverage Ratio as required by Sections 4.4 and 6.7(a) of the Loan Agreement; (iii) retain a Management Consultant as required by Section 4.5 of the Loan Agreement; and (iv) submit a report from an insurance consultant as required by Section 5.5(a) of the Loan Agreement.  The Borrower's Defaults constitute Events of Default under Section 8.01(d) of the Indenture.

Pursuant to Section 7.2 of the Loan Agreement, the Borrower may correct the covenant defaults described above under Sections 5.5(a) and 6.7(a) within thirty (30) days of receiving a notice from the Trustee or the Issuer of such covenant default (the "Initial Loan Agreement Cure Period"). If a covenant default cannot be corrected within the Initial Loan Agreement Cure Period, then the Borrower will have up to one hundred twenty (120) days after the occurrence of such covenant default to take corrective action, *provided, however*, that this extended cure period is only available if the Borrower initiates and diligently pursues appropriate corrective action during the Initial Loan Agreement Cure Period.

*Reservation of Rights*

The aforementioned defaults are not intended to be a complete list of all present and/or possible defaults and events of default nor of all actions that constitute a breach of the Loan Agreement, Indenture and related bond documents. The Trustee reserves the right to assert and act in reliance upon, any and all events of breach or defaults which have heretofore occurred (whether or not continuing), may presently exist and may hereafter occur, including but not limited to, declaring the outstanding balance and interest accrued on the Loan and all payments required to be made by the Borrower with respect to the Bonds for the remainder of the term of the Loan Agreement to be immediately due and payable and commencing an action for breach of the Loan Agreement, foreclosure and the appointment of a receiver. Any past or present failure by the Trustee to exercise any of its rights, remedies or powers shall not constitute a waiver of the defaults and events of default described above nor of the Trustee's right to exercise such rights, remedies or powers at a future date.

Very truly yours,

Camilla J. Lindsey

WPW

cc:    Philadelphia Authority for Industrial Development (Attn: Sakinah Rahman)
       Rosenbeck Law, LLC (Attn:  Meredith Rosenbeck, Esq.
       PF Holdings Management, LLC