## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE OF THE $29,615,000 PHILADELPHIA AUTHORITY FOR INDUSTRIAL DEVELOPMENT SENIOR HOUSING REVENUE BONDS (THE PAVILION),** | **CIVIL ACTION** **NO. 2:22-cv-03985-GJP** **Judge Gerald J. Pappert** |
| **Plaintiff,** | |
| **v.** | |
| **PAVILION APARTMENTS PENN LLC, KIRYAT GREENBRIAR, L.P., ALOFT MGT, LLC, PF HOLDINGS LLC, AND ARON PURETZ** | |
| **Defendants,** | |
| **and** | |
| **KIRYAT GREENBRIAR, L.P.** | |
| **Cross Claim Plaintiff** | |
| **v.** | |
| **PAVILION APARTMENTS PENN LLC** | |
| **Cross Claim Defendant** | |

## ANSWER TO THIRD AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND CROSS CLAIM AGAINST PAVILION APARTMENTS PENN LLC

Defendant and Cross Claim Plaintiff, Kiryat Greenbriar, L.P. ("Greenbriar"), by and

through its undersigned attorneys, hereby files this Answer (the "Answer") to the Third

Amended Complaint (the "Complaint") filed by plaintiff Wilmington Trust, National

Association, as Trustee of the $29,615,000 Philadelphia Authority for Industrial Development Senior Housing Revenue Bonds (The Pavilion) (the "Plaintiff" and/or "Lender"), Affirmative Defenses, and Cross Claim against defendant Pavilion Apartments Penn LLC ("Pavilion"), and in support thereof states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

2.      Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

3.      Admitted in part, denied in part. It is admitted that Greenbriar is a Pennsylvania limited partnership. It is admitted that Greenbriar's general partner, Greenbriar Club Associates, Inc., is a Pennsylvania corporation. It is denied that Greenbriar Club Associates, Inc.'s place of business is in Pennsylvania. It is admitted that there are no limited partners of Greenbriar that are citizens of Delaware.

4.      Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

5.      Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

6.      Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

7.      Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

8.      Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

9.      Admitted in part, denied in part. Greenbriar admits that the amount in controversy in this action is in excess of $75,000. The remaining allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10.      Admitted in part, denied in part. Greenbriar admits that the real property that is the subject of this action is situated in this district. The remaining allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## FACTS

### A.  The Loan Transaction

11.      Admitted in part, denied in part. It is admitted only that the document attached to the Complaint as **Exhibit A** purports to be a Trust Indenture between the Philadelphia Authority for Industrial Development and the Trustee. The remainder is denied. By way of further response, the allegations in this paragraph are made against defendant Pavilion Apartments Penn LLC ("Pavilion"), and not against Greenbriar. Greenbriar is not a party to the Indenture and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. By way of further response, the Indenture is a written document that speaks for itself. Plaintiff's characterizations of the Indenture are denied.

12.      Denied. The allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

13.     Denied. The allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

14.     Denied. The allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

15.     Admitted in part, denied in part. It is admitted only that the document attached to the Complaint as **Exhibit B** purports to be the Loan Agreement. The remaining allegations are denied. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. Greenbriar is not a party to the Loan Agreement and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

16.     Admitted in part, denied in part. It is admitted only that the document attached to the Complaint as **Exhibit C** purports to be the Promissory Note. The remaining allegations are denied. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. Greenbriar is not a party to the Promissory Note and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. By way of further response, the Promissory Note is a written document that speaks for itself. Plaintiff's characterizations of the Promissory Note are denied.

17.     Admitted in part, denied in part. It is admitted only that the document attached to the Complaint as **Exhibit D** purports to be the Leasehold Mortgage. The remaining allegations are denied. By way of further response, the allegations in this paragraph are made against

defendant Pavilion, and not against Greenbriar. Greenbriar is not a party to the Leasehold Mortgage and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. By way of further response, the Leasehold Mortgage is a written document that speaks for itself. Plaintiff's characterizations of the Leasehold Mortgage are denied.

18.    Denied. The SNDA is a written document that speaks for itself. Plaintiff's characterizations of the SNDA are denied.

19.    Denied. The allegations in this paragraph do not require a response. To the extent a response is required, the allegations are denied.

20.    Denied. The allegations in this paragraph do not require a response. To the extent a response is required, the allegations are denied.

**B. The Ground Lease**

21.    Admitted in part, denied in part. It is admitted that the Ground Lease is comprised of a series of instruments and agreements, including, without limitation, the instruments and agreements identified by Plaintiff in paragraphs 17 - 21. The remaining allegations are denied. By way of further response, the instruments and agreements identified by the Plaintiff in these paragraphs do not, by themselves, represent or comprise the Ground Lease. By way of further response, the instruments and agreements that comprise the Ground Lease are written documents that speak for themselves. Plaintiff's characterizations of the documents are denied.

22.    Denied. By way of further response, it is affirmatively stated that the Third Amended Lease is a written document that speaks for itself. Plaintiff's characterizations of the Third Amended Lease are denied.

23.     Admitted in part, denied in part. Admitted that Greenbriar and Pavilion Associates executed the Second Amended Lease. The remaining allegations are denied. By way of further response, the Second Amended Lease is a written document that speaks for itself. Plaintiff's characterizations of the Second Amended Lease are denied.

24.     Denied. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. Greenbriar is not a party to the Assignment and Assumption Agreement dated December 10, 2002 and lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the Assignment and Assumption Agreement dated December 10, 2002 is a written document that speaks for itself. Plaintiff's characterizations of the Assignment and Assumption Agreement are denied.

25.     Denied. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. Greenbriar is not a party to the Assignment and lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the Assignment is a written document that speaks for itself. Plaintiff's characterizations of the Assignment are denied.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of

further response, the SNDA is a written document that speaks for itself. Plaintiff's characterizations of the SNDA are denied.

30.     Denied. The allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

### C. Pavilion defaults under the Bond Documents

31.     Denied. The allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

32.     Denied. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

33.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

34.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against

Greenbriar. By way of further response, the notice is a written document that speaks for itself. Plaintiff's characterizations of the notice are denied.

35.     Denied. The allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

36.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

37.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

38.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

39.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further

response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

40.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

41.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

42.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

43.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

44.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

45.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

46.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

47.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

48.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

49.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

50.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

51.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

52.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

53.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

54.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

55.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

56.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

57.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

58.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

59.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

60.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further

response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

61.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

62.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

63.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

64.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

65.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

**D. Greenbriar fails to send the Trustee notices of Pavilion's alleged defaults under the Ground Lease.**

66.     Admitted in part, denied in part. It is admitted that Greenbriar, through counsel, sent a letter to counsel for Pavilion on or about August 16, 2022. The remainder is denied. By way of further response, the letter is a written document that speaks for itself. Plaintiff's characterizations of the letter are denied.

67.     Admitted.

68.     Admitted in part, denied in part. It is admitted only that Greenbriar prepared a summary of Pavilion's arrearages as of October 5, 2022. The remaining allegations are denied. By way of further response, the summary is a written document that speaks for itself. Plaintiff's characterizations of the summary are denied.

69.     Admitted in part, denied in part. It is admitted only that the letter is attached to the Complaint as Exhibit L. The remaining allegations are denied. By way of further response, the letter is a written document that speaks for itself. Plaintiff's characterizations of the letter are denied.

70.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, the SNDA is a written document that speaks for itself. Plaintiff's characterizations of the SNDA are denied.

71.     Denied. The Second Amended Lease is a written document that speaks for itself. Plaintiff's characterizations of the Second Amended Lease are denied.

72.     Denied. The Second Amended Lease is a written document that speaks for itself. Plaintiff's characterizations of the Second Amended Lease are denied.

73.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

74.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

76.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

### E.  Pavilion's Fraudulent Transfers to Insiders

77.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

78.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

79.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

80.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

81.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

82.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

83.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

84.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further

response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

85.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

86.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

87.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

88.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

89.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

90.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

91.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

92.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

93.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

**F.  Pavilion's Improper Payment of Management Fees**

94.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

95.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further

response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

96.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

97.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

98.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

99.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

100.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

101.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

102.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

103.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

104.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

105.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

106.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further

response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

**G. Transfers of Cash Revenues to Aron Puretz**

107.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

108.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

109.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

110.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

111.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

112.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

113.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

114.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

115.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

116.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

117.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further

response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

118.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

119.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

**H.  The Trustee's Damages and Remedies.**

120.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

121.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

122.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

123.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

## COUNT ONE – MORTGAGE FORECLOSURE - PAVILION

124.    Greenbriar incorporates by this reference its responses to the allegations in Paragraphs 1-119, as if fully set forth at length herein.

125.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

126.    Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, the allegations are made against Pavilion, and not against Greenbriar.

127.    Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, the allegations in this paragraph are made against Pavilion, and not against Greenbriar.

128.    Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, the allegations in this paragraph are made against Pavilion, and not against Greenbriar.

## <u>COUNT TWO – BREACH OF CONTRACT - PAVILION</u>

129.     Greenbriar incorporates by this reference its responses to the allegations in Paragraphs 1-124, as if fully set forth at length herein.

130.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

131.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

132.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, the allegations in this paragraph are made against Pavilion, and not against Greenbriar.

133.     Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

134.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, the allegations in this paragraph are made against Pavilion, and not against Greenbriar.

## COUNT THREE – BREACH OF CONTRACT - GREENBRIAR

135.    Greenbriar incorporates by this reference its responses to the allegations in Paragraphs 1-130, as if fully set forth at length herein.

136.    Admitted in part, denied in part. It is admitted only that the Trustee and Greenbriar are parties to the SNDA. The remaining allegations represent legal conclusions to which no response is required. To the extent a response is required, these allegations are denied. By way of further response, the SNDA is a written document that speaks for itself. Plaintiff's characterizations of the SNDA are denied.

137.    Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, the SNDA and the Ground Lease are written documents that speak for themselves. Plaintiff's characterizations of the SNDA and the Ground Lease are denied.

138.    Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

139.    Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT FOUR – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING – GREENBRIAR

140.    Greenbriar incorporates by this reference its responses to the allegations in Paragraphs 1-135, as if fully set forth at length herein.

141.    Admitted in part, denied in part. Admitted only that the Trustee and Greenbriar are parties to the SNDA. The remainder is denied. By way of further response, the SNDA is a written document that speaks for itself. Plaintiff's characterizations of the SNDA are denied.

142.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

143.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

144.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT FIVE – DECLARATORY JUDGMENT - GREENBRIAR

145.     Greenbriar incorporates by this reference its responses to the allegations in Paragraphs 1-140, as if fully set forth at length herein.

146.     Admitted in part, denied in part. Admitted only that the Trustee and Greenbriar are parties to the SNDA. The SNDA is a written document that speaks for itself. Plaintiff's characterizations of the SNDA are denied.

147.     Denied. The Second Amended Lease is a written document that speaks for itself. Plaintiff's characterizations of the Second Amended Lease are denied.

148.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

149.     Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

150.     No response is required to the allegations in this paragraph. To the extent a response is required, the allegations are denied.

## COUNT SIX – ACCOUNTING - PAVILION

151.     Greenbriar incorporates by this reference its responses to the allegations in Paragraphs 1-146, as if fully set forth at length herein.

152.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

153.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar. By way of further response, the Loan Agreement is a written document that speaks for itself. Plaintiff's characterizations of the Loan Agreement are denied.

154.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendant Pavilion, and not against Greenbriar.

155.    Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of further response, the allegations in this paragraph are made against Pavilion, and not against Greenbriar.

## COUNT SEVEN – ACCOUNTING - GREENBRIAR

156.    Greenbriar incorporates by this reference its responses to the allegations in Paragraphs 1-151, as if fully set forth at length herein.

157.    Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. By way of

further response, the Ground Lease is a written document that speaks for itself. Plaintiff's characterizations of the Ground Lease are denied.

158.    Denied.

159.    Denied. The allegations in this paragraph represent legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT EIGHT – VOIDABLE TRANSFERS – ALOFT, PF HOLDINGS, AND ARON PURETZ PUVTA, 12 PA. STAT. §§ 5101-5114

160.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

161.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

162.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

163.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

164.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

165.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

166.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

167.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

168.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

169.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response,

the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

170.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

171.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

172.    Denied. Greenbriar lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same. By way of further response, the allegations in this paragraph are made against defendants Pavilion, Aloft, PF Holdings, and/or Puretz and not against Greenbriar.

## **AFFIRMATIVE DEFENSES**

173.    Greenbriar incorporates by reference each and every paragraph of the foregoing Answer to the Complaint as if set forth fully and at length.

174.    Plaintiff fails to state a claim upon which relief may be granted.

175.    Plaintiff's claims are barred because the Court lacks jurisdiction over Greenbriar and venue is improper.

176.    Plaintiff's claims are barred, in whole or in part, by the doctrine of frustration of purpose.

177.    Plaintiff's claims are barred because Plaintiff failed to mitigate its damages.

10701821.v1

178.    Plaintiff's claims are barred, in whole or in part, by the doctrine of impossibility.

179.    Plaintiff's claims are barred by the applicable statute of limitations.

180.    Plaintiff's claims are barred by the doctrine of accord and satisfaction.

181.    Plaintiff's claims are barred by the doctrine of waiver.

182.    Plaintiff's claims are barred by the doctrine of failure of consideration.

183.    Plaintiff's claims are barred by the doctrine of release.

184.    Plaintiff's claims are barred by the doctrine of laches.

185.    Plaintiff's claims are barred by the doctrine of estoppel.

186.    Plaintiff's claims are barred by the doctrine of unclean hands.

187.    Plaintiff's claims are barred by Plaintiff's own negligent conduct.

188.    Plaintiff's claims are barred because Plaintiff's own actions or failure to act caused Plaintiff's damages.

189.    Plaintiff's claims are barred by the statute of frauds.

190.    Plaintiff's claims are barred by the absence of any contractual obligations between Greenbriar and Plaintiff.

WHEREFORE, Greenbriar respectfully requests that judgment be entered in its favor and against Plaintiff together with any of Greenbriar's costs and fees and such further relief as this Court deems appropriate.

## CROSS CLAIM AGAINST DEFENDANT PAVILION APARTMENTS PENN LLC

Defendant Greenbriar, by way of cross claim against co-defendant Pavilion, states as follows:

## FACTS

**A.  The Lease.**

191.     This action arises from Pavilion's ground lease with Greenbriar in which Greenbriar is the landlord.

192.     Greenbriar is the owner of certain real property and improvements consisting of approximately 19.74 acres, located on Conshohocken Avenue in the City of Philadelphia, County of Philadelphia, in the Commonwealth of Pennsylvania (the "Property").

193.     West Village, Greenbriar's predecessor in interest, leased an unimproved portion of the Property consisting of approximately 2.4067 acres (the "Premises") to WV III, Pavilion's predecessor in interest, for a term of seventy-five years for improvement and multi-unit residential use purposes pursuant to that certain Lease Agreement dated November 28, 1973 (the "Original Lease"). A true copy of the Original Lease is attached hereto as **Exhibit A**.

194.     The remainder of the Property is referred to herein as the "Greenbriar Parcel."

195.     The Greenbriar Parcel and the improvements thereon are referred to herein, collectively, as the "Greenbriar Properties."

196.     The Original Lease was recorded in Deed Book D.C.C. 515, Page 466 et seq. of the Records Department of the City of Philadelphia (the "Recorder's Office").

197.     WV III constructed a 12-story apartment building and related improvements on the Premises (the "Building" and, together with the Premises, the "Pavilion Property").

198.     Thereafter, West Village and WV III entered into a certain Amendment of Lease dated September 28, 1983 (the "First Lease Amendment"), which was recorded in Deed Book RFP 850, page 154 et seq. of the Recorder's Office. A true copy of the First Lease Amendment is attached hereto as **Exhibit B**.

199.     Pursuant to that certain Assignment and Assumption Agreement dated February 16, 1984, between WV III and Pavilion Associates ("Pavilion 1"), which was recorded in Deed Book RFP 0039, page 247 of the Recorder's Office (the "First Assignment Agreement"), WV III sold, assigned, transferred, and set over unto Pavilion 1 all of WV III's right, title and interest in and to the Original Lease, as amended, and Pavilion 1 agreed to assume all of WV III's interests and obligations thereunder. A true copy of the First Assignment Agreement is attached hereto as **Exhibit C**.

200.     Subsequently, West Village conveyed fee simple title to the Property to Kiryat Greenbriar, a Pennsylvania general partnership ("Greenbriar GP"), pursuant to a deed (the "GP Deed") dated February 23, 1987, and recorded in Deed Book F.H.S. 714, Page 164 et seq. of the Recorder's Office. Thereafter, Greenbriar GP conveyed fee simple title to the Property to Greenbriar by deed dated May 30, 2002 (the "Deed") and recorded at Doc. I.D. 50474892 with the Recorder's Office. True copies of the GP Deed and the Deed are attached hereto, collectively, as **Exhibit D**.

201.     On or about January 4, 1989, Greenbriar and Pavilion I entered into a certain Agreement (the "Security Gate Agreement"), which was recorded in Deed Book D 1267, Page 198 et seq. of the Recorder's Office, relating to the installation of a certain security gate and system adjacent to the Premises (the "Security Agreement"). A true copy of the Security Gate Agreement is attached hereto as **Exhibit E**.

202.    On or about June 8, 1989, Greenbriar and Pavilion I entered into that certain Stipulation resolving certain outstanding litigation and differences concerning the Original Lease, as amended, and the Premises (the "Stipulation"). A true copy of the Stipulation is attached hereto as **Exhibit F**.

203.    On or about December 1, 2002, Greenbriar and Pavilion I entered into that certain Second Amendment of Lease Agreement relating to the Premises (the "Second Lease Amendment"), which was recorded on December 20, 2002, in the Recorder's Office at Doc. ID 50582091. A true copy of the Second Lease Amendment is attached hereto as **Exhibit G**.

204.    On or about December 10, 2002, Pavilion I assigned to Pavilion Preservation, L.P. ("Pavilion II") all of Pavilion I's right, title and interest, as tenant, in and to the Original Lease, as amended, pursuant to that certain Assignment and Assumption Agreement dated December 10, 2002 (the "Second Assignment Agreement"). A true copy of the Second Assignment Agreement is attached hereto as **Exhibit H**.

205.    On or about July 5, 2016, Pavilion II assigned to Pavilion all of Pavilion II's right, title and interest, as tenant, in and to the Original Lease, as amended, which was recorded on July 25, 2016, in the Recorder's Office at Doc. I.D. 53089387 (the "Third Assignment Agreement"). A true copy of the Third Assignment Agreement is attached hereto as **Exhibit I**.

206.    On or about July 5, 2016, Greenbriar and Pavilion entered into that certain Third Amendment of Lease dated July 5, 2016, which, among other things, extended the lease term for thirty-five years from July 5, 2016, and modified the net minimum annual ground rent (the "Third Lease Amendment"). The Third Lease Amendment was recorded with the Recorder's Office on July 25, 2016, at Doc. I.D. 53089388. A true copy of the Third Lease Amendment is attached hereto as **Exhibit J**.

207.    The Original Lease, as amended or supplemented by that certain First Lease Amendment, First Assignment Agreement, Security Gate Agreement, Stipulation, Second Lease Amendment, Second Assignment Agreement, Third Assignment Agreement and Third Lease Amendment is referred to collectively, herein, as the "Ground Lease." Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Ground Lease.

**B. Pavilion's Obligations Under the Ground Lease.**

208.    The term of the Ground Lease is for 35 years from July 5, 2016. (Third Lease Amendment, ¶ 2).

209.    The Ground Lease provides for Pavilion to pay ground rent ("Rent") in the amount of $4,236.66/month. (Original Lease, ¶ 3, Third Lease Amendment, ¶ 3).

210.    The Ground Lease also provides for Pavilion to reimburse Greenbriar for 35% of the reasonable costs of providing common security to the Premises and the Greenbriar Properties (the "Security Gate Payment"). (Second Lease Amendment, ¶ 14).

211.    Pursuant to the Ground Lease, Pavilion is also required to pay all real estate taxes, levies, taxes other than real estate, assessments, water and sewer rents and charges, and all charges for gas, electricity, light, heat, steam, power, and every other service rendered or supplied in connection with the Premises as Additional Rent. (Original Lease Sections 3, 4, and 9).

212.    The Ground Lease provides for Pavilion to make all necessary structural and non-structural repairs, ordinary and extraordinary, foreseen or unforeseen, interior and exterior, with respect to all improvements on the Pavilion Property at Pavilion's sole expense. (Original Lease, Section 10).

213.     If Pavilion fails to make such repairs, or to maintain the Pavilion Property, the Ground Lease provides that Greenbriar may enter upon the premises and make such repairs and that Pavilion shall pay for such repairs within 30 days of demand by Greenbriar. (Original Lease, Section 10).

214.     Further, the Ground Lease provides that Pavilion shall comply with all laws and ordinances, notices, orders, rules, regulations and requirements of all federal, state and municipal authorities in connection with the Pavilion Properties. (Original Lease, Section 11).

**C.  Taxes and Utilities.**

215.     The Greenbriar Properties and the Pavilion Property are assessed for tax purposes as a single parcel by the City of Philadelphia. Effective as of January 1, 2003, Pavilion's agreed share of such taxes under the Ground Lease is 40.5% of the taxes assessed against the Greenbriar Parcel and the Premises. (Second Lease Amendment, ¶ 8(a).

216.     Gas, electric and water service for the Pavilion Property are provided through shared underground lines located in part on the Greenbriar Parcel, which lines service the Pavilion Property and the Greenbriar Properties.

217.     While the utilities serve both the Greenbriar Properties and the Pavilion Property, monthly bills are directed to Greenbriar.

218.     Over the life of the Ground Lease, Greenbriar and Pavilion have established a process by which Pavilion's share of each utility is calculated, paid, and reconciled.

219.     Greenbriar pays all utilities in full, advancing Pavilion's share each month subject to reimbursement from Pavilion for its share of the respective utility consumed at the Pavilion Property.

220.     Each month, Greenbriar pays the electrical bill for the Greenbriar Properties and the Pavilion Property and reads all of the electric meters for the Greenbriar Properties and the Pavilion Property and calculates Pavilion's share of the electric bill.  The bill is adjusted for the previous month's actual electric bills (which Greenbriar also provides Pavilion).

221.     Each month, Greenbriar pays the gas bill for the Greenbriar Properties and the Pavilion Property and provides Pavilion with the PGW general gas rate, Pavilion reads their meters and calculates the amount it owes Greenbriar for gas.

222.     Each month, Greenbriar pays the water bill for both the Greenbriar Properties and the Pavilion Property and provides Pavilion with a copy of Greenbriar's water bill. Pavilion calculates the rate themselves by dividing the total charge / total cubic feet on the bill and reads their meter to calculate the amount it owes Greenbriar for water.

**D.  The Forbearance Agreement.**

223.     At Pavilion's request, Greenbriar entered into a forbearance agreement with Pavilion dated May 26, 2021 (the "Forbearance Agreement") whereby Greenbriar agreed to forbear from exercising its remedies under the Ground Lease subject to, among other things, Pavilion's payment of then-existing arrears, as set forth in the Forbearance Agreement. A true copy of the Forbearance Agreement is attached hereto as **Exhibit K**.

224.     Pursuant to the Forbearance Agreement, Pavilion acknowledged and agreed that $158,553.69 in past due payments for Greenbriar's legal fees, Rent, and additional rent including, without limitations, gas, electric and water bills was due and owing to Greenbriar without claim, counterclaim, recoupment, defense or set-off of any kind or of any nature whatsoever. (Forbearance Agreement, Recitals I, J, and ¶¶ 1-2).

225.    Pursuant to the Forbearance Agreement, Greenbriar and Pavilion entered into an Electric Line Easement Agreement providing for Pavilion to install an electric line for the exclusive use of the Pavilion Property, as described in Exhibit B to the Forbearance Agreement (the "Electrical Work").

226.    Despite Pavilion's promise to install the electric line, Pavilion did not complete the Electrical Work.

**E.  Pavilion's Defaults.**

227.    Pavilion has breached and defaulted on the Ground Lease by failing to pay Rent, Additional Rent, and other charges when due.

228.    In addition to these monetary defaults, Pavilion has accumulated and failed to cure several violations under the Philadelphia Building Code.

229.    On or about September 16, 2022, the Department of Licenses and Inspections for the City of Philadelphia ("L&I") cited the Pavilion Property for Pavilion's improper and continuing use of temporary power at the Pavilion Property lasting for approximately three years where the permitted time period is only 90 days (the "Electrical Violations"). A true copy of the notice is attached hereto as **<u>Exhibit L</u>**.[1]

230.    Pavilion did not repair the Electrical Violations and, by letter dated October 6, 2022, L&I notified Greenbriar that failure to resolve the Electrical Violations within 90 days would cause the City to issue a Cease Operations order. A true copy of the letter is attached hereto as **<u>Exhibit M</u>**.

---

[1] The Violations (defined below) are mistakenly directed at Greenbriar because Greenbriar is the fee owner of the Pavilion Property. Greenbriar has notified L&I and has appealed the Violations.

231.     On or about October 29, 2022, L&I cited the Pavilion Property for additional violations including defective fire alarms system(s), exposed electrical wires, hallway obstructions, damaged door hardware, broken lights and certain plumbing issues (the "Interior Violations" and, together with the Electrical Violations, the "Violations"). A true copy of the notice is attached hereto as **Exhibit N**.

232.     The Violations and Pavilion's failure to resolve the Violations are continuing defaults under the Ground Lease.

233.     By letters dated January 27, 2022, and July 20, 2022, Greenbriar notified Pavilion that it was delinquent in its payment obligations under the Ground Lease.

234.     On August 16, 2022, Greenbriar sent a notice of default to Pavilion stating that Pavilion was in default of its obligations under the Ground Lease by reason of, among other things, its failure to pay rent for the months of February, March, April, May, June, July and August of 2022, utilities for the months of January, February, March, April, May, June, July and August of 2022, and Greenbriar's legal fees and costs incurred in connection with the enforcement of Pavilion's obligations under the Ground Lease (the "Default Letter"). A true copy of the Default Letter is attached hereto as **Exhibit O**.

235.     Pursuant to the Default Letter, Greenbriar elected to accelerate Pavilion's obligations under the Ground Lease, and to terminate the Ground Lease.[2] (Default Letter, ¶ 4).

236.     As of December 28, 2022, the arrearages ("Arrearages") under the Ground Lease total $579,710.86, comprised as follows:

| | |
|---|---|
| Past Due Rent: | $    46,603.26 |
| Security: | $      5,133.37 |
| Electric: | $  194,132.47 |
| Gas: | $    97,383.18 |

---

[2] Greenbriar is in the process of terminating the Ground Lease in accordance with its terms.

| | | |
|---|---|---|
| Water: | $ | 192,159.18 |
| Attorneys' Fees and Costs (as of 12/9/22): | $ | 44,299.40 |

**Total Arrearages:**               **$579,710.86**

237.    Greenbriar is entitled under the Ground Lease to collect accelerated rent from Pavilion at the monthly rate of $4,236.66 for the remaining term of the Ground Lease, twenty-eight-and-one-half (28.5) years, in the total amount of $1,448,937.72.

238.    The Ground Lease provides that Greenbriar is entitled to collect from Pavilion all unpaid utilities and Greenbriar's continuously accruing legal fees incurred in connection with the enforcement of the Ground Lease.

239.    The total amount of past due Rent, Additional Rent, utilities, accelerated rent, and attorneys' fees and costs due and owing from Pavilion to Greenbriar as of December 28, 2022, is $2,028,648.58.

240.    All conditions precedent to Greenbriar's right to recover the above amounts from Pavilion have been performed or have occurred.

### COUNT I – BREACH OF LEASE

241.    Greenbriar incorporates by reference the foregoing paragraphs as though fully set forth herein.

242.    The Ground Lease is a valid and enforceable contract between Greenbriar and Pavilion.

243.    Under the Ground Lease, Pavilion was obligated to pay Rent and Additional Rent, including utilities, taxes, and a proportionate share of security expenses.

244.    Under the Ground Lease, Pavilion was obligated to promptly resolve the Violations.

245.    Pavilion's continuing failure to resolve the Violations is a default under the Ground Lease.

246.    Pavilion's continuing failure to pay Rent and Additional Rent are defaults under the Ground Lease.

247.    Pavilion's continuing failure to reimburse Greenbriar for advances to pay utilities is a default under the Ground Lease.

248.    Upon default of the Ground Lease by Pavilion, Greenbriar was entitled to accelerate Greenbriar's obligations under the Ground Lease.

249.    Despite notice of its monetary and non-monetary breaches, as more fully set forth above, Pavilion has failed to cure the breaches.

250.    Greenbriar has fulfilled any and all conditions precedent to commencing this action against Pavilion.

251.    Accordingly, Greenbriar is entitled to a judgment in the amount of $2,028,648.58 plus continuously accruing interest, late fees, other fees, advances for utilities, and attorneys' fees and costs, in accordance with the Ground Lease.

WHEREFORE, Plaintiff Greenbriar demands judgment in its favor and against Defendant Pavilion Apartments Penn LLC in the amount of $2,028,648.58, plus interest, advances for utilities, late fees and attorneys' fees and costs, and such further and other relief as the Court deems just and appropriate.

## COUNT II – UNJUST ENRICHMENT

252.    Greenbriar incorporates by reference the preceding paragraphs as if set forth fully herein.

253.    Count II is brought in the alternative to Count I.

254.    Pavilion has occupied and continues to occupy the Pavilion Property without paying rent.

255.    Pavilion should have reasonably expected to pay rent for the use of the Pavilion Property that it does not own.

256.    Greenbriar has advanced and continues to advance an average of approximately $30,000/month to pay Pavilion's utility bills without being reimbursed.

257.    Permitting Pavilion to use the Pavilion Property without paying rent would continue to unjustly enrich Pavilion.

258.    Permitting Pavilion to continue to use utilities paid for by Greenbriar would continue to unjustly enrich Pavilion.

259.    As a result of Pavilion's failure to pay, Greenbriar has been damaged in the principal amount of at least $579,710.86.

10701821.v1

WHEREFORE, Plaintiff Greenbriar demands judgment in its favor and against Defendant Pavilion Apartments Penn LLC in the amount of $579,710.86, plus attorneys' fees and costs, interest at the legal rate, additional advances for utilities, and such further and other relief as the Court deems just and appropriate.

**KLEHR HARRISON HARVEY BRANZBURG LLP**

Dated: October 23, 2023

/s/ *Francis M. Correll, Jr.*

Francis M. Correll, Jr. (PA ID No. 51076)
Robert P. Johns III (PA ID No. 209289)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Tel: (215) 569-2700
Email: fcorrell@klehr.com
Email: rjohns@klehr.com
*Attorneys for Defendant and Cross Claim Plaintiff Kiryat Greenbriar, L.P.*

10701821.v1